UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:04-CR-279-01 |
| Plaintiff, | Hon. Richard Alan Enslen |
| v. | |
| CHERYL L. ROBERTS, | |
| Defendant. | **OPINION** |

This matter is before the Court on Defendant Cheryl L. Roberts' Motion for Rehearing/Reconsideration. On October 31, 2007, the Court ordered the United States of America to file a response to Defendant's Motion. Having complied with this Order, the United States opposes Defendant's Motion. The Court discerns no reason for oral argument. *See* W.D. Mich. LCrR 47.3(b).

**I.     BACKGROUND**

Defendant was indicted on December 17, 2004, in the Western District of Michigan on a single count of mail fraud, in violation of 18 U.S.C. § 1341. Defendant entered a guilty plea to the Indictment pursuant to a plea agreement on June 13, 2005. On October 14, 2005, Defendant's sentencing hearing was adjourned due to concerns over Defendant's mental and physical health. After a psychiatric and psychological evaluation, Defendant was deemed competent. On February 24, 2006, Defendant was sentenced to 48 months imprisonment and a five-year term of supervised release.

Defendant filed a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") on February 28, 2007. The Court conducted an evidentiary hearing on September 17, 2007 on a single issue—whether Defendant's

trial counsel, Randall Levine, was constitutionally ineffective for failing to file an appeal after Defendant's sentencing. The Court denied Defendant's § 2255 Motion on September 27, 2007. Defendant filed the present Motion for Rehearing/Reconsideration on October 12, 2007.

## II. LEGAL STANDARD

Under Local Rule, reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been mislead . . . [and] that a different disposition must result from the correction thereof." W.D. Mich. LCrR 47.3(a); *see also* Rule 12 of the Rules Governing § 2255 Proceedings for the United States District Courts. Similarly, the United States Court of Appeals for the Sixth Circuit has stated that reconsideration is only appropriate if one of three conditions is met: (1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (citing cases).

## III. ANALYSIS

Defendant argues that during an evidentiary hearing on September 17, 2007, defense counsel made an oral motion to amend Defendant's § 2255 Motion, which the Court failed to address. The following statement by defense counsel represents the alleged "motion" at issue:

> If the Court wishes to consider the record that's made here, I believe that the, first of all, the petition that was filed would encompass this issue if the Court so chose to. The petition says, "Furthermore, Mr. Levine failed to appeal when directed to do so." . . . *If a modified petition is necessary, I would move at this time for the Court to expand the petition to include this issue*, because I think it is an important issue for this Court to consider as part of this entire consideration of the ineffective assistance of counsel. . . .

(Evid. Hr'g Tr. 54 (emphasis added).)

Initially, the Court notes that in defense counsel's statement, he never identifies what "this issue" refers to. *See id.* Moreover, the Court questions whether this statement was truly intended as a motion since defense counsel prefaced the "motion" by stating: "I believe that the, first of all, the petition that was filed would encompass this issue if the Court so chose to." *See id.* Although the Court remains doubtful as to whether a proper motion was made, for purposes of analysis the Court will treat defense counsel's statement as a Motion to Amend Defendant's § 2255 Motion[1] to include a claim that Defendant's trial counsel, Randall Levine, was constitutionally ineffective for failing to affirmatively advise Defendant of the possibility of filing an appeal, the potential outcomes of an appeal, the merits of an appeal, and the requirements of Federal Rule of Appellate Procedure 4(b)(1)(A).[2] Thus, the Court's failure to rule on the Motion to Amend represents a palpable defect by which the Court and the parties have been misled. *See* W.D. Mich. LCrR 47.3(a).

The Court will now address the merits of Defendant's Motion to determine if a different disposition of the case results from Defendant's new ineffective assistance of counsel claim. In order to prevail on a claim of ineffective assistance, a defendant must show (1) that his counsel made errors so serious that he "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The first prong

---

[1]Federal Rule of Civil Procedure 15(a) mandates that a court shall freely grant leave to amend when justice so requires. Courts have interpreted this language as setting forth a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 FED App. 566, 569 (6th Cir. 2001) (citing *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). Accordingly, the Court gives defense counsel the benefit of the doubt and grants leave to amend.

[2]"In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A).

of the test, attorney performance, is judged by "reasonableness under prevailing professional norms." *Id.* at 688. In evaluating this prong, the Court must be "highly deferential" to counsel's performance and avoid being guided by the benefits of hindsight. *Id.* at 689 ("Every effort [must] be made to eliminate the distorting effects of hindsight."). The Supreme Court has recognized that a trial attorney faces a myriad of different decisions. *Engle v. Isaac*, 456 U.S. 107, 133 (1982). When counsel has overlooked or chosen to omit a possible argument, it does not raise a presumption of constitutionally deficient performance. *Id.* at 133–34. "[T]he court [] recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Further, the defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* at 689. Under the second prong of the *Strickland* test, the defendant must show that there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Federal Rule of Criminal Procedure 32(j)(1) requires a sentencing court to advise a defendant of any right to appeal; however, there is no requirement that a defendant be notified of the deadline for filing an appeal or any other procedural or substantive matter related to an appeal.[3] *See* Fed. R. Crim. P. 32(j)(1). A defense attorney, on the other hand, is subject to a different standard. The Supreme Court has held:

> Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2)

---

[3]The Court's understanding of the purpose of Federal Rule of Criminal Procedure 32 is to put a defendant on notice of the right to appeal—not to provide a detailed checklist of the procedures governing appeals.

> that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000) (citations omitted).

In this case, it is uncontested that the Court advised Defendant of her right to appeal at the sentencing hearing. (*See* Sent. Tr. 23–24.) Accordingly, the Court finds as frivolous any suggestion that defense counsel had a separate and redundant duty to advise Defendant of her appeal rights. It is also uncontested that neither the Court nor Defendant's trial counsel advised Defendant of the deadline for filing a notice of appeal, the potential outcomes of an appeal, or the possible merits of an appeal. (*See id.*; Evid. Hr'g Tr. 32–33.) Since the Court previously found that Defendant did not reasonably demonstrate to her trial counsel that she was interested in appealing, (*see* Evid. Hr'g Tr. 57–61), the question presented is whether a rational defendant would want to appeal under the circumstances of Defendant's case. If so, Defendant's trial counsel had a constitutionally imposed duty to consult with Defendant concerning a possible appeal and committed ineffective assistance by not doing so. *See Flores-Ortega*, 528 U.S. at 478.

After analyzing the *Flores-Ortega* factors, it is apparent a rational defendant would not want to appeal under the circumstances of Defendant's case. The Court finds highly relevant Defendant's guilty plea because it demonstrates that Defendant sought an end to judicial proceedings and

voluntarily reduced the scope of potentially appealable issues. Moreover, Defendant received the sentence bargained for as part of the plea and did not expressly reserve any appeal rights. Defendant fails to demonstrate that any non-frivolous grounds for an appeal existed or that her trial counsel knew or should have known of any non-frivolous grounds for an appeal. (*See infra*.) These factors all weigh against Defendant's assertion that her trial counsel was under an obligation to consult with her regarding filing an appeal. Thus, since Defendant's trial counsel was not under a duty to consult with Defendant regarding filing an appeal, the Court finds that Defendant's trial counsel did not commit ineffective assistance of counsel because he was entirely reasonable under prevailing professional norms.

Alternatively, under the second prong of the *Strickland* test, Defendant fails to demonstrate that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Generally, an appellate court will not review a district court's refusal to grant a downward departure unless the district court "(1) improperly computed the guideline range; (2) was unaware of its discretion to depart downward from the guideline range; or (3) imposed the sentence in violation of law or as a result of the incorrect application of the Sentencing Guidelines." *United States v. Cooper*, 348 F.3d 493, 495 (6th Cir. 2003) (citing *United States v. Price*, 258 F.3d 539, 547–48 (6th Cir. 2001)); *see also United States v. Howard*, 42 FED App. 706, 708 (6th Cir. 2002) (quoting *United States v. Butler*, 207 F.3d 839, 843 (6th Cir. 2000)) ("We have consistently held that the decision by a district court not to depart downwards from the Guidelines is not reviewable on appeal unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure."); *United States v. Martin*, 40 FED App. 177, 186–87 (6th Cir. 2002); *United States v. Long*, 37 FED App. 718, 722 (6th Cir. 2002).

Defendant cannot demonstrate error under any of the three bases articulated by the Sixth Circuit because: (1) the Court did not improperly compute the Guideline range for Defendant, (2) the Court was aware of its discretion to depart downward, and (3) Defendant's sentence was not imposed in violation of law or as a result of the incorrect application of the Sentencing Guidelines. Moreover, as the Court thoroughly addressed at Defendant's sentencing hearing, Defendant's condition does not merit a downward departure under § 5H1.4 of the Sentencing Guidelines because she does not have an "extraordinary physical impairment."[4] (*See* Sent. Tr. 17–18.) If Defendant's trial counsel would have filed an appeal on this basis, it would have been utterly frivolous. It is exactly for this reason that Defendant's trial counsel did not consult with her about filing an appeal.[5]

Therefore, the Court finds that a different disposition of the case does not result from correction of the palpable error the Court made—not ruling on Defendant's Motion to Amend her § 2255 Motion—in the evidentiary hearing of September 17, 2007. *See* W.D. Mich. LCrR 47.3(a).

IV. **CERTIFICATE OF APPEALABILITY**

Although the Court has found that Defendant's Motion to Amend is without merit, Defendant alternatively asks the Court to issue a certificate of appealability on the claim that her trial counsel was constitutionally ineffective for failing to affirmatively advise Defendant of the potential outcomes of an appeal, the merits of an appeal, and the requirements of Federal Rule of Appellate Procedure 4(b)(1)(A).

---

[4] Section 5H1.4 states that departures for physical condition are "not ordinarily relevant" and are considered only in the case of "extraordinary physical impairment," which was clearly not present in this case.

[5] When asked "[d]id you believe that the Court had made an error or at least arguably an error in not following the relief that you had requested?," Defendant's trial attorney responded, "I think that that was a discretion—a matter of the Court's discretion. I don't—The Court did not exercise its discretion in the manner that I had requested." (Evid. Hr'g Tr. 40.)

Pursuant to 28 U.S.C. § 2253, the Court must assess whether to grant the issuance of a certificate of appealability to Defendant. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483–84 (2000), and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate shall issue if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. Furthermore, the analysis of the sufficiency of the claims must be individually directed to the substance of the constitutional claims asserted. *Murphy v. Ohio*, 263 F.3d 466, 466–67 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001).

Upon review, the Court finds that reasonable jurists would not find Defendant's claim debatable with respect to the substantive grounds for denying relief. Accordingly, a certificate of appealability will be denied.

## V. CONCLUSION

For the reasons given, an Order shall issue denying Defendant Cheryl L. Roberts' Motion for Rehearing/Reconsideration. The Court will further deny a certificate of appealability.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>December 5, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |